The third case for argument is Frank Bibeau v. Commissioner of Internal Revenue. Frank Bibeau v. Commissioner of Internal Revenue Good morning. May it please the Court. Good morning, Counsel. We're here today because Indians, I believe, have been wrongfully taxed for 100 years under the Indian Commerce Clause and under the treaties. In 1924, Congress passed an act to make Indians citizens, but they had a proviso that said that as long as it didn't negatively impact personal or tribal property. This Court, back in 2011, decided under Fond du Lac v. Franz that the 14th Amendment provided the minimal nexus necessary to make us citizens and make us taxable without anything from Congress. Since that time, three months ago in Trump v. Anderson, the Supreme Court ruled that the 14th Amendment provides new powers for Congress to protect against States' action. And instead, what this Court did — Counsel, are you arguing — are you arguing that — that Franz was wrongly decided? I'm arguing that the Supreme Court has changed the basis as well as the decision-making for the analysis in Franz. How about Kopelman? Are you arguing that was wrongly decided? Which one? Oh, Kopelman, the earlier case. Oh, Kapelman. Kapelman. Kapelman isn't an Indian law case. The tax court cited to it as though it was an Indian law case, but if you look at the Indian cases that the tax court cited to, they weren't in Kapelman. Kapelman talked about tribal members being taxable, but they found an exception. The same would go back to the original decision in 1931, and that decision deals with an Osage Indian who's got a Certificate of Competency from 1910 under the tax codes of 1918 and, I believe, 1920, four years preceding the granting of citizenship by Congress to the Indians. And so it appears as though the Supreme Courts have been making decisions about taxation for a long time and that the IRS, or however we like to call them, have been collecting taxes for Indians for a long time, and that the courts have come to that conclusion. But there is no clear express language from Congress that says something like Indians are made citizens and are therefore now taxable or are now treated as every other citizen. It was too common. I've got to come back to your prior. What Supreme Court case did you say superseded Brown's? The Trump v. Anderson from March of this year. Okay. What it says, basically. Well, no, that's right. I can read it. It's in the brief. It wasn't in the brief. Yes, it is, Your Honor. I can read it right now. It's in the reply brief because it came in on the 14th of March. I got it. Okay. And so it's essentially the opposite conclusion of the Eighth Circuit from 2011 because what the Eighth Circuit did in France was it empowered the State, instead of protecting the tribes and the tribal members from taxation, it empowered the State, using the 14th Amendment, to use citizenship to grant State taxation for an out-of-State income for a tribal member. And so that's almost the complete opposite of what the Supreme Court just said three months ago. And I believe that's going to have a lot to do with the reasoning because the 14th Amendment is a Reconstruction-era statute. 13th, 14th, and 15th don't apply to Indians. In fact, if you look at the 14th Amendment, it says Indians, you know, not excluded or excluding Indians not taxed. And so both of those ---- But the principle of taxation of Indians preceded the 14th Amendment. Yes, it did in the Constitution. And when you look at ---- No, no. I mean the law that the general principle that there has to be an exception or Indians are taxed. No. No. You don't have a case for supporting your proposition. These cases don't support any of what's been going on. It looks like ---- Your position, core position, that Indians are not subject to the Federal income tax has never been held by any Federal appellate court, has it? Oh, it's been held back in 1931 that Indians were taxable. That was used as a Supreme Court decision and Kaepelman cites to it also. Okay. I just want to clarify what I thought from reading the briefs, which is that you don't have a case directly supporting your core proposition on the untaxability, if you will, of Indians. Yes. It's never been reviewed in this fashion.  That's just ---- I wanted to clarify that. Okay. I believe it's a case of first impression, Your Honor. All right. So as a consequence, tribal members have been taxed infrequently along the way. The Kaepelman case, Kaepelman v. Squire, is dealing with a Quinault Indian on trust land that he hasn't even become a possessor of and that the BIA essentially says trees need to be cut and money ends up in his coffer and the IRS wants to tax him before he even has a right to the land. But they did find under the General Allotment Act that there was a tax exemption. The problem is, and it's been talked about even in the Frans Court here previously, the tension between the tax code laws and the Indian treaty laws. The Indian treaty laws, like MOLAC, like Brown, say to look at what did the Indians understand at the time. There's 44 treaties with the Chippewa. The first treaty is in 1795 at the time of the Constitution saying Indians are excluded, not taxed. And then the 14th Amendment comes right after our last treaty of 44 treaties in 1967, creating the White Earth Reservation, and then you have the 14th Amendment. So all the Indians, at least for the Chippewa, would have understood for 44 treaties. There was no taxation. The Constitution says we're not taxed. The 14th Amendment says we're not taxed. It was 50 years later when Congress granted citizenship, mostly I think because of military service of tribal members, but they tried to prevent anything being taken advantage of by that and added that proviso. And that proviso, just like in the 14th Amendment that was talked about by the Supreme Court, creates a new power for Congress to decide and to figure out what that means. And instead, the IRS and the courts have used the interpretation, but when you read the Trump case, it talks about not granting those rights to the state silently. The 14th Amendment doesn't grant states rights. It's predominantly federal rights, and it grants powers to Congress to enforce those rights. And so I think it's been misunderstood without that guidance, because that's what the decision also says, that there wasn't any guidance on that part at the time in 2011. This is direct guidance now. So Trump v. Anderson, which of course is a ballot access question, not a taxation question, somehow stands for the proposition that our prior opinion in Fraun has been so undermined by that precedent that, as a panel, we have the authority to overturn it. I think you can find where that's happened. I think it's pretty clear if you read through. And if you don't mind, I'll just take a moment. But it says, On the other hand, the 14th Amendment grants new power to Congress to enforce the provisions of the 14th Amendment against the states. It would be incongruous to read the particular amendment as granting states the power, silently no less, to disqualify a candidate for federal office. And so I'm saying, how could the state silently no less say, let's tax Indians, when Congress has said just the opposite over and over? Is your claim limited to state taxes only, or does it also make the claim of federal taxes? No. It's all federal taxation. It's just that this Court went through the discussion about citizenship, but the discussion about citizenship wasn't even in part of the recent. The federal tax case, right? Yes. We're talking about the federal income tax authorized by what, 16th Amendment or whatever it was. That's not in the newest state taxation. It doesn't. But in that state tax case, this Court started using citizenship of tribal members as a basis. And when you look at what the history of the district court case was, and you look at the briefs from both parties, no one's talking about citizenship. No one even knew that citizenship was going to be an issue. And when you look at the petition from Fond du Lac for rehearing an in-bank hearing, it talks about the Supreme Court has never used citizenship as a basis for state taxation. So the Court was off on citizenship, and it affects the federal thinking about whether or not Congress granted the right for taxation. I live in the Eighth Circuit, and so I'm here at the Eighth Circuit, because this case speaks to the direct issue that I believe has been misinterpreted, albeit for state taxation of Indians on the reservation. Your decision, and not yours personally, but the decision also says that the dicta from Supreme Court decisions can also be used. This is a lot of dicta in this decision. Citizenship was never discussed about Indians before this case, and it affects a lot of Indians. And it reuses the federal concept of bootstrap to the state level without congressional direction. You know, Mescalero asks for clear statutory guidance before there's an exemption for taxation. I'm asking for clear statutory guidance for taxation before it's even done. It's one thing to grant a benefit of citizenship. It's another thing to make a burden of taxation. Kapoman uses, you know, Indians are citizens, and that in ordinary affairs of life, not governed by treaties or remedial legislation. They are subject to the payment of income taxes, as are other citizens. Now, the Supreme Court can't be much more direct on the point than that. You can say it's dicta because the case turned on a different question, but that's pretty darn instructive for circuit judges reading Supreme Court precedent. I agree that it's very instructive, but I can tell you that it's not based on any facts, and the analysis wasn't there for the other half of the way. It wasn't a factual statement. Well, it wasn't a factual statement. It was this is just what the law is, right? And then in Franz, two to one, the panel decided that Indians were subject to taxation. And it seems that the limitation on it is whether or not the treaty specifically provides for non-taxation. And we get where the Constitution says Indians not taxed, but those Indians non-taxed were not citizens of the United States either, right? No. No. But if you look at, again, at your Franz decision, it also talks about, and I'm starting to run out of my reserve time, but the Franz decision also talks about those same concepts being split originally and that the tax immunity does exist, and it existed for Indians on reservation. It's separate from citizenship. And that's where it was misunderstood, because what this Court says was that that law was meant to protect pre-existing tribal rights and personal property rights. Tax immunity for 44 treaties is pre-existing. It's a pre-existing personal property right. Right. And that's all it comes down to. So the property right of the individuals, that process, that due process hasn't occurred. It's been skipped. And it's going against the treaties because there's a treaty immunity. It's always been there. And so the analysis needs to start from the treaty analysis. What did the Indians understand at the time of the treaties? In 44 treaties, there was no taxation of Indians. And that's what the Constitution and 14th Amendment said. It would be hard to convince anybody that any Indians would have understood anything else. I understand the idea of apportionment, state citizenship, and everything else. But Indians didn't really become citizens until the last state in 1957 granted the right to vote, and then they still didn't have the right to vote until the 1965 Voting Rights Act. So we haven't been full citizens. We are still struggling through. And there is no express act of Congress about the authority to tax Indians. Those words do not exist. You can't infer or imply that. That's wrong. I'll save my last minute. Thank you. Thank you. Ms. Lyon. Thank you, Your Honor, and may it please the Court. My name is Kathleen Lyon, and I represent the Commissioner of Internal Revenue. Under longstanding precedent of the Supreme Court and this Court, Indians are subject to Federal income tax the same as other citizens unless specifically exempted by a treaty or an act of Congress. Mr. Beveau does not point to any statute or treaty specifically exempting his self-employment income earned as an attorney from Federal taxation. And the tax court therefore correctly held that his income is subject to self-employment tax as reported on the 2016 and 2017 returns. There's no dispute here, actually, that there is no exemption either in the code, in the Indian Citizenship Act, or in the treaty. He doesn't argue that there's any exemption in the tax code for his income. There is no – he also agrees with the majority in Fond du Lac that the Indian Citizenship Act does not create an exemption. He says that in his reply brief at page 17. He also said it to the tax court. It's not in either side's appendix, but it is in the record, the appellate record volume 3 at page 299. It's the first sentence in the first full paragraph on that page. And then with the treaty, he also – his argument is that there is no exemptive language in the treaty as well. And, of course, the rule is that there must be textual support in the treaty, but he's conceded that there isn't any. He certainly tries to bootstrap his self-employment income as an attorney into the treaty protected activities of hunting, fishing, and gathering, but we think on its face income earned as an attorney is not hunting, fishing, or gathering. I think that's safe to say. With respect to his other comments on Fond du Lac here today and Trump v. Anderson, Fond du Lac was dealing with a state taxation issue, and Trump v. Anderson also dealt with what the states could do, so I don't think that it has anything to do with federal tax. Let's see. And Indian – the Indians not taxed issue, again, that's not a defense to taxation. And a lot of his comments here today have had a focus on state taxation issues, and that is entirely separate because states, as a general rule, states cannot tax Indians because that is a federal power. So unless there's a specific authority given to the states, they can't do that. But the federal power to tax has been long established in this long line of Supreme Court precedent, starting with Chateau. There's a lot of fighting in a constitutional amendment. Yeah. It wasn't taken granted for a long, long time. Correct. I mean, but starting – we have 93 years of Supreme Court precedent saying that Indians are subject to federal tax unless they're expressly exempted, and that is the rule, and there's – those cases are still good law. So if the Court has no questions, I'll sit down. We ask that this Court affirm the tax court. Thank you. Thank you. Thank you. Mr. Bebo, I think we understand your position, but go ahead. Oh, certainly. Thank you. I would say that there is longstanding precedent. The problem is it's not really existing, and it hasn't really addressed this issue. When I said that Fond du Lac does not create a tax exemption, it's just like I said. There's been one existing the entire time, and it just failed to recognize it. One of the important parts about why there's no exemption language in treaties is that Congress ended treaty making in 1871, and so Congress really didn't get the full power of taxing until 1916 when the 16th Amendment was adopted. There's like 50 years between the Indian treaties and the idea of taxing all the citizens in the United States. So we would have never even understood that that was a possibility. And so I would just ask you to look at the Citizenship Act for what it is, what the proviso is, and whether it says tax Indians, because it doesn't. And so I appreciate your time today. Thank you very much. Thank you, counsel. Thank you. The case has been well briefed. Arguments have been helpful and an interesting issue that we will take under advisement. And the court will be in recess.